Casey, C. J.,
delivered the opinion of the court:
In April, 1863, Slajor General Blunt, in command of the district of Kansas, directed his quartermaster to procure horses and mules for the service, to be delivered at Fort Scott. Captain Insley, the quartermaster, had proposals published in the usual way, and the contract was awarded to the claimant as the lowest bidder. The price was one hundred and forty dollars ($140) for mules, and one hundred and •twenty-nine dollars and forty-five cents ($129 45) for horses. Three hundred and twenty-five mules and five hundred horses were delivered and received under the contract. It is clearly proved that both classes of animals were quite up to the standard, in quality and all other respects, required by the army regulations. Finding the number of horses insufficient to meet the immediate wants of his command, General Blunt ordered Captain Insley to purchase, in the open market, the additional number of four hundred horses. ' These were purchased of the claimant at the same price paid for the same kind of horses under the proposals and contract, viz : one hundred and twenty-nine dollars and forty-five cents a head. Captain Insley gave to the claimant vouchers for the mules and horses, according to the contract and the prices stipulated, for those purchased. The department *380 quartermaster refused to pay the vouchers iu full, alleging that the prices were too high. He paid to the claimant at the rate of one hundred and thirty-three dollars for the mules, and one hundred and seventeen dollars and fifty-one cents for the horses ; and deducted from the aggregate of the voucher the sum of thirteen thousand and twenty:one dollars, ($130 21.)
This deduction was made without any right, and even without reason. He might as well have deducted twice or thrice that sum, or any other amount. The contracts were regular, and made by a duly authorized officer of the United States. They were made under the orders and direction of his commanding general. The purchase in open market was equally regular, and made to meet an urgent and immediate want. It was the very exigency contemplated by the act of Congress. The animals were of good quality. There is no proof that throws the least shadow on the transaction, or that in any way justifies the withholding of the balance of the price of the animals.
We therefore find for the claimant, and that there is due to him the sum of thirteen thousand and twentij-one dollars, and for which amount judgment is to be rendered in his favor.